property attached. The nonresident then died, and the court held that the lien acquired by attachment against his property continued, and that an order substituting a foreign administrator was proper, because of the lien which had been thereby obtained. But Mr. Justice Ingraham, who delivered the opinion of the court, took occasion to point out that, if the administrators did not appear in the action, the only relief which could be obtained would be against the property attached. He said:

"No obligation exists upon the defendant to appear, and the only result could be that the plaintiff's lien, acquired by virtue of the levy under the warrant of attachment, would be enforced."

See, also, Brown v. Fletcher's Estate, 146 Mich. 401, 109 N. W. 686, 15 L. R. A. (N. S.) 632, 123 Am. St. Rep. 233, affirmed 210 U. S. 82, 28 Sup. Ct. 702, 52 L. Ed. 966.

The order appealed from, therefore, should be modified, by striking therefrom the provision permitting the service of the supplemental summons by publication, or, at the option of the plaintiff, personally without the state, and, as thus modified, affirmed, with $10 costs and disbursements to the appellant. All concur.

---

FIRST NAT. BANK OF BROWNSVILLE, TEX., v. FLEITMANN et al.
(No. 7363.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

Appeal from Special Term, First Department.

Action by the First National Bank of Brownsville, Tex., against Lida M. Fleitmann and another. Demurrer to answer sustained, motion to resettle order denied, and plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

---

FIRST NAT. BANK OF BROWNSVILLE, TEX., v. FLEITMANN et al.
(No. 7362.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. APPEAL AND ERROR ⬅127—ORDERS APPEALABLE—DEFAULT ORDERS.

A party cannot question the validity of a default order, and an appeal therefrom by him must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–889, 891; Dec. Dig. ⬅127.]

2. BILLS AND NOTES ⬅99—STIPULATIONS FOR ATTORNEY'S FEES—VALIDITY—WHAT LAW GOVERNS.

The validity of a note executed in Texas and made payable there is governed by the law of Texas, and a provision stipulating for attorney's fees in case the note is placed in the hands of an attorney for collection, valid under the law of Texas, is valid in New York, and will be enforced in New York.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 213; Dec. Dig. ⬅99.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes